UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KEVIN C. NEAL )
 )
v. ) No. 3:11-01176
 ) JUDGE CAMPBELL
UNITED STATES OF AMERICA )

MEMORANDUM

I. Introduction

Pending before the Court are the Petitioner's Motion (Docket Nos. 1, 2) to vacate filed under 28 U.S.C. § 2255, the Government's Motion To Dismiss Petitioner's Petition Pursuant to 28 U.S.C. § 2255 (Docket No. 11), and the Petitioner's Objection To The Government's Motion To Dismiss (Docket No. 19).

For the reasons set forth below, the Court GRANTS the Government's Motion To Dismiss (Docket No. 11), and DENIES Petitioner's Motion To Vacate (Docket Nos. 1, 2). Accordingly, this action is DISMISSED.

II. Procedural and Factual Background

Petitioner was convicted, after a jury trial, of drug trafficking charges on June 26, 2003. (Docket Nos. 136, 138 in Case No. 3:02-00054). The Court subsequently sentenced the Petitioner, on December 5, 2003, to a total term of 240 months of imprisonment. (Docket Nos. 177, 178 in Case No. 3:02-00054). The Petitioner appealed his conviction and sentence, and the Sixth Circuit affirmed on February 21, 2006. (Docket No. 204 in Case No. 3:02:00054). The mandate issued on March 21, 2006. (Docket Nos. 205 in Case No. 3:02:00054). Petitioner filed the pending Section 2255 motion to vacate on December 12, 2011. (Docket Nos. 1, 2).

III. Analysis

The Government contends that the Petitioner's Motion is barred by the one-year statute of limitations applicable to actions brought pursuant to 28 U.S.C. § 2255. Subsection (f) of Section 2255 establishes the one-year limitations period:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Subsection (f)(1) applies here as none of the other subsections appear to be implicated by Petitioner's Section 2255 Motion. According to the Sixth Circuit, the "date on which the conviction becomes final," under Subsection (f)(1) means "at the conclusion of direct review." 28 U.S.C. § 2255; Sanchez-Castellano v. United States, 358 F.3d 424, 426 (6th Cir. 2004). When a defendant appeals to the court of appeals, the judgment of conviction becomes final for purposes of Section 2255 upon the expiration of the ninety-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition is filed. Clay v. United States, 537 U.S. 522, 525, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003); Johnson v. United States, 457 Fed. Appx. 462, 2012 WL 171379 (6th Cir. Jan. 23, 2012).

In this case, the deadline for filing a petition for writ of certiorari with the Supreme Court expired on May 22, 2006, ninety days after the Sixth Circuit issued its decision on February 21, 2006. See Sup. Ct. R. 13.1, 13.3 (time does not run from date mandate issued). As noted above, Petitioner's Motion in this case was not filed until December 12, 2011, over five years after the one-year statute of limitations deadline.

In his response, the Petitioner mentions the terms "equitable tolling" and "actual innocence." The one-year statute of limitations under Section 2255 is subject to equitable tolling. Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010); Johnson, 457 Fed. Appx. at 469-70. In order to demonstrate that equitable tolling should be applied, a petitioner bears the burden of demonstrating: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Holland, 130 S.Ct. at 2562; Johnson, 457 Fed. Appx. at 470. Beyond mentioning the term "equitable tolling," the Petitioner has not suggested any reason for his failure to timely file his motion to vacate. Thus, the Court concludes that equitable tolling does not apply in his case. Petitioner has also failed to suggest any basis for his claim of "actual innocence," nor has he suggested how that claim relates to his failure to timely file the motion to vacate.

Accordingly, the Court concludes that the Petitioner's motion to vacate is barred by the statute of limitations.

IV. Conclusion

For the reasons set forth herein, the Court concludes that the Government's motion to dismiss should be granted, and the Petitioner's motion to vacate should be denied. Accordingly, this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. <u>Castro v. United States</u>, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE