UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KEVIN C. NEAL )
)
v. ) No. 3:11-01176
) JUDGE CAMPBELL
UNITED STATES OF AMERICA )

ORDER

Pending before the Court is "Movant's Motion For Rule 60(b)(6) Motion Pursuant To The Federal Rules Of Civil Procedure" (Docket No. 29), filed by Kevin C. Neal, pro se, and the Government's Response (Docket No. 33) thereto.

Petitioner was convicted, after a jury trial, of drug trafficking charges on June 26, 2003. (Docket Nos. 136, 138 in Case No. 3:02-00054). The Court subsequently sentenced the Petitioner, on December 5, 2003, to a total term of 240 months of imprisonment. (Docket Nos. 177, 178 in Case No. 3:02-00054). The Petitioner appealed his conviction and sentence, and the Sixth Circuit affirmed on February 21, 2006. (Docket No. 204 in Case No. 3:02:00054). The mandate issued on March 21, 2006. (Docket Nos. 205 in Case No. 3:02:00054).

On December 12, 2011, Petitioner filed a Motion to Vacate (Docket Nos. 1, 2) pursuant to 28 U.S.C. § 2255. The Government moved to dismiss the motion to vacate as barred by the statute of limitations, and the Court granted the motion to dismiss. (Docket Nos. 20, 21).

Through the pending Motion, the Petitioner relies on Rule 60(b)(6) of the Federal Rules of Civil Procedure in requesting relief. Rule 60(b)(6) allows a party to seek relief from a final judgment for "any other reason that justifies relief." The Government argues that Petitioner's request for relief should be construed as a "second or successive" Section 2255 petition, and as such, it should be transferred to the Sixth Circuit. Under 28 U.S.C. § 2244(b)(3), federal prisoners seeking to file a second or successive motion attacking a sentence under 28 U.S.C. §

2255 must request from the court of appeals an order authorizing the district court to entertain the second or successive request. 28 U.S.C. § 2244; In re: Sims, 111 F.3d 45, 47 (6th Cir. 1997).

The Supreme Court has held that a motion seeking relief under Federal Rule of Civil Procedure 60(b) should be construed as "second or successive" habeas petition if the motion presents a claim that was also presented in a prior application or deals with the constitutionality or substance of the underlying conviction or sentence. Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). See also In re: Nailor, 487 F.3d 1018 (6th Cir. 2007). On the other hand, if the motion raises some defect in the integrity of the federal habeas proceeding, such as fraud on the court, the motion is not to be construed as a successive habeas petition. Id.

A review of the pending motion reveals that it raises essentially the same claims as were raised in Petitioner's initial Section 2255 motion to vacate (cf. Docket No. 2 and Docket No. 29), and those claims attack the substance of Petitioner's underlying conviction and sentence. Accordingly, the Court concludes that Petitioner's Rule 60(b)(6) Motion (Docket No. 29) should be construed as a second or successive habeas petition. Therefore, the motion is hereby transferred to the Sixth Circuit Court of Appeals to obtain authorization to proceed, pursuant to 28 U.S.C. § 1631 and In re Sims, 111 F.3d 45, 47 (6th Cir.1997).

It is so ORDERED.

Todd Campbell
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE